UNITED STATES OF AMERICA FOR THE BENEFIT OF
HORACE F. FARNHAM,

*vs.*

DAVID F. MURDOCK, et al.

Cumberland.     Opinion November 19, 1904.

*Action.   Contracts.   Sales.   Practice.   28 U. S. Stat. at Large, c. 280.*

The act of Congress, chap. 280, 28 U. S. Statutes at Large, provides that any
person entering into a formal contract with the United States for the con-
struction of any public building "shall execute the usual penal bond with
good and sufficient sureties, with the additional obligations that such con-
tractor shall promptly make payments to all persons supplying him labor
and materials, in the prosecution of the work, provided for in such con-
tract," and that one who has so supplied labor and materials may bring
suit on the bond for his own benefit. In a suit brought against the sure-
ties on such a bond, when the contractor had died insolvent while the
work was only partially executed, and the sureties had completed the
contract, *held :*—

1.  That a contract to "furnish all necessary labor and materials required in
    the construction" of a government building, which also provides for work
    to be done, and prescribes when and how it shall be done, and in which
    the government agrees to pay for the "construction" of the building, and
    not merely for labor and materials, is a contract for the construction of a
    building, within the meaning of the statute.

2.  That a claim in argument for labor supplied to the contractor, which was
    not made in the writ, declaration or specifications, cannot be allowed.

3.  That an agreement to supply materials to a contractor is not supplying
    them, and that when one has agreed to supply materials, but they have
    never been delivered to or used by the contractor in his lifetime, nor
    delivered to or used by his sureties completing the work after his death,
    it cannot be said that the materials have been supplied to the contractor
    in the prosecution of the work, within the meaning of the statute.

On report.   Judgment for defendants.

Debt on bond.   This action was brought in the Superior Court,
Cumberland County, and at the hearing thereon it was agreed that
the case should be reported to the Law Court and that upon so much
of the evidence "as is competent and legally admissible, the Law

Court is to render such judgment as the legal rights of the parties may require."

The case is stated in the opinion.

*Enoch Foster and O. H. Hersey,* for plaintiff.

*M. P. Frank and A. F. Moulton,* for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

SAVAGE, J. This is an action of debt upon a bond executed in compliance with an Act of Congress, approved August 13, 1894, 28 U. S. Stat. at Large, chap. 280. That Act in substance provides that any person entering into a formal contract with the United States for the construction of any public building, "shall execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor and materials in the prosecution of the work provided for in such contract." The Act also provides that one who has supplied labor or materials for the prosecution of such work may, under certain conditions, bring suit on the bond in the name of the United States, but for his own benefit.

One Henry Soule contracted with the United States to furnish all the necessary material and labor required in the construction of a Barrack Building at Fort Williams, Maine, according to plans and specifications. He gave the bond required by the statute referred to, which is the bond in suit. The defendants were his sureties. Soule died insolvent May 2, 1902, while the contract was only partially executed. The sureties for their own protection completed the contract, and the building was accepted by the government.

Mr. Farnham, the plaintiff in interest, February 6, 1902, offered to furnish to Soule the window and outside door frames for the building above basement, for $400, and the windows, doors, transoms, cellar sash, storm sash and locker doors for $1860. Soule accepted the latter part of the offer on the following day, saying that he should want the material for the building about the middle of June or first of July following. Soule ordered the window and outside door frames of Doten & Company, but he gave the plans and

specifications to Farnham, who, at Soule's request, made and furnished to Doten & Company a schedule of the doors and windows.

Farnham did not manufacture the various articles necessary to fulfil his contract, but he placed orders for them, namely, for certain brass ventilator covers, with one concern, for the glass with another, and for the doors and sash with a third. He received the ventilators in March, the glass in April, and the doors and sash about the middle of August. The glass, of course, and the ventilators as well, were intended to be used with the sash, and they were not capable of use until the sash arrived. No part of the materials which Farnham had contracted to furnish to Soule were ever delivered to Soule in his lifetime, or to the defendants, or at the building, after his death. On the contrary, Farnham has retained possession of them all,— except a small portion which he has had opportunity to use elsewhere,—since he received them from the parties from whom he ordered them. On June 20, 1902, Farnham notified the defendants, then undertaking to complete Soule's contract with the United States, that he had ordered the material to fill his contract with Soule, that a portion was then in his wareroom and the balance practically completed at the mill, and that he expected Soule's estate, or the defendants as his sureties, to take and pay for the same, and that he should look to the defendants, as such sureties, for payment. The defendants declined to take the materials at the contract price, and as Farnham refused to take less, they supplied themselves elsewhere. August 29, 1902, he notified them that the materials were there in the city and ready for delivery upon reasonable notice, and that he expected them to take all of the materials manufactured under the contract with Soule, and pay for them, which they again declined to do.

To simplify the discussion, we may assume, as was practically held in *Mullin* v. *United States*, 109 Fed. Rep. 817, that if the defendants as sureties by consent of all concerned undertook to complete the contract of their principal, and if Farnham supplied to them the labor and materials in the prosecution of the work, which he had contracted to supply to Soule, then such labor and materials would be within the purview of the statute, and of the bond in suit.

It is evident then that Farnham can recover only by showing that Soule entered into a formal contract with the United States for the construction of the Barrack building, and that he himself supplied Soule or the defendants with labor or materials in the prosecution of the work. Farnham contends that Soule's contract was such a contract, that he supplied labor to Soule by making and giving to Doten & Company a schedule of the doors and windows called for by the plans, and that having contracted to furnish the windows, doors and sash to Soule, and,— to state it in the language of counsel's brief,— having "become bound to those with whom he had contracted for labor and materials, and having received the same or a portion of it into his possession, and being ready to carry out his part of the contract with Soule," he was thereby "supplying the contractor, within the meaning of the Act, with this labor and materials in the prosecution of the work provided for in such contract." On the other hand, the defendants contend that Soule's contract with the government was not a contract for the *construction* of a public building, and so was not within the language of the statute requiring the bond, and that, in fact, no materials or labor were supplied to Soule or to the defendants.

Two propositions are thus involved. First, was Soule's contract within the statute? And, secondly, did the plaintiff supply labor and materials to the contractor in the prosecution of the work? The statute required the bond of a contractor who had entered into a contract "for the construction of a public building." Soule, however, contracted to "furnish all necessary labor and materials required in the construction" of a building.

It is urged that a contract to furnish all necessary labor and materials differs essentially from a contract for the construction of a building, that one may furnish the materials and may furnish the labor, to wit, the laborers, and still not actually construct the building. As if, for instance, one should furnish the materials and the labor for the use of a contractor. But that is not *this* case. And whatever merit there might be in the proposed construction of the phrase in the contract, to "furnish all necessary material and labor required in the construction," if that phrase stood alone, still taking

the whole contract together, we think such a construction is entirely inadmissible. The contract provides not only for the furnishing of labor and materials, but for work to be done, and prescribes when and how it·shall be done, and moreover the government on its part agrees to pay for the "construction" of a Barrack building, and not merely for labor and materials. It is, as a whole, clearly a contract for the construction of the building, and so is within the statute referred to.

In regard to Farnham's claim that he supplied labor to the contractor, in the prosecution of the work, in that he made and furnished to Doten schedules of the doors and windows, at the contractor's request, it is enough to say that no such claim is made in his writ and declaration. The specifications relate solely to materials furnished.

The remaining question is, did Farnham supply these materials to the contractor, or his sureties, in the prosecution of the work, within the meaning of the statute? We think he did not. It may be, as suggested by Putnam, J., in *American Surety Co.* v. *Laurenceville Cement Co.*, 110 Fed. Rep. 717, that materials need not be actually incorporated into the building before it can be said that they are "supplied." It may be that they can be said to be supplied even though they are not put into actual construction. But they must be supplied. And we think that the mere contracting to supply them is not supplying them. Soule's contract with Farnham was a contract for the manufacture of doors, windows and sash according to detailed specifications. The title did not thereby pass to Soule until delivery. *Moody* v. *Brown*, 34 Maine, 107. Soule never had possession. There was no delivery. Though the plaintiff was ready to supply, somewhat later in the season than he contracted to, he did not supply. We think it cannot be said that one has supplied an article, when he has contracted to prepare it, and has prepared it, but retains the possession and ownership, and has not delivered it.

It follows that the plaintiff has failed to bring his case within the statute, and judgment must be rendered for the defendants.

*Judgment for defendants.*