## F. G. SCHAEFFER IRON WORKS v. STANDARD ACCIDENT INS. CO.

District Court, D. New Jersey.

Feb. 25, 1933.

Riker & Riker, of Newark, N. J., for plaintiff.

Congleton, Stallman & Hoover, of Newark, N. J., for defendant.

FORMAN, District Judge.

On September 15, 1930, the Church of the Holy Family at Union Hill, N. J., entered into a contract with the John R. Altieri Engineering Company, Inc., for the erection of a school building.

Pursuant to the said contract, the said John R. Altieri Engineering Company, Inc., furnished a bond to the Church of the Holy Family; the purpose of which was to indemnify it against any loss by reason of the failure of the contractor to perform its contract, and to protect it from claims for materials or labor furnished by subcontractors. The surety upon this bond was the defendant, Standard Accident Insurance Company. The bond was dated September 25, 1930, and was in an amount about equal to the total sum of the contract. On October 7, 1930, the said contractor entered into a subcontract with the plaintiff under which plaintiff undertook to furnish and erect certain structural steel specified in the said contract of September 15, 1930.

On December 15, 1930, the said John Altieri Engineering Company, Inc., breached its contract with the church and notified the plaintiff not to proceed with the performance of the subcontract.

Plaintiff, however, avers that by reason of its commitment on the subcontract it suffered damage, in that it lost interest on purchase price paid for materials designed to go into the building under the contract and the performance of labor thereon; expenses in rehandling the material; storage of the same; loss of use of its plant and equipment, more particularly set forth as follows, and aggregating the sum of $9,378.41:

| | |
|---|---|
| Interest on investment 12/15/30-2/18/32 $23,870.64 at 6% for 1 year and 64 days | $2,035.98 |
| Rehandling material in shop 317 tons @ $2.50 | 792.50 |
| Storage in shop and yards 317 tons @ $1.00 per month (6 mo.) | 1,902.00 |
| Loss of shop overhead $1,552 per month for 1½ mo. | 2,328.00 |
| Loss of office overhead $1,492 per month for 1½ mo. | 2,238.00 |
| Ground storage charges on trusses paid Delaware, Lackawanna & Western Railroad Co. | |
| December 26–January 25 $26.29 | |
| December 29–January 23 30.69 | |
| January 26–May 25 11.46 | |
| January 29–May 23 13.49 | 81.93 |
| | $9,378.41 |

Plaintiff therefore sues defendant upon the bond aforesaid relying upon the following provision contained therein, to wit:

"Now, if the said John R. Altieri Engineering Company, Inc. shall well and faithfully do and perform the things agreed by them to be done and performed according to the terms of said contract, and shall pay all lawful claims of subcontractors, materialmen and laborers, for labor performed and materials furnished in the carrying forward, performing or completing of said contract, we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein; then this obligation shall be void; otherwise the same shall remain in full force and effect. * * *"

Defendant now moves to strike out the complaint of the plaintiff.

It is the first contention of the defendant that the bond in this case "for some reason which is not explained" was in the form required by the statute for public work. Of course if a mistake was made in the wording of this contract, this is not the forum for its correction or the reformation of the instrument

Sureties for hire are not wards of the court to be shielded from heedlessness or folly. They must abide by their contracts and pay everything which by fair intendment can be charged against them. They act, not to accommodate others, but to promote their own interests, and are to be judged accordingly. C. S. Luck & Sons, Inc., v. Boatwright, 157 Va. 490, 162 S. E. 53 at page 54.

The second contention of the defendant is that the claims of the plaintiff here in suit represent damages sustained by the plaintiff, and are not for materials furnished or labor performed in carrying forward and performing or completing the contract, and as such would not entitle the plaintiff to recover had the same bond been given for a public work.

It is logical to apply the law as it exists in connection with such bonds and such work because it cannot be conceived that the plaintiff here can be entitled to greater rights by reason of the private nature of the work in question.

The claims here are solely for damages caused by a breach of the building contract adding nothing to the value of the premises. For such damages the surety is not liable under its bond. United States for benefit of Farnham v. Murdock et al., 99 Me. 258, 59 A. 60.

The complaint may be dismissed, and an order will be accordingly signed.